# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY LEWIS JERDINE, | ) | CASE NO. 1:18CV1613 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the motion of Defendant United States of America ("Defendant" or "USA") to dismiss (ECF DKT #3 ("Motion")) the Complaint of *pro se* Plaintiff Anthony Lewis Jerdine ("Plaintiff" or "Jerdine") (ECF DKT #1). Jerdine opposed Motion (ECF DKT #4). For the reasons that follow, the Motion is granted.

## I. BACKGROUND

In the Complaint, Jerdine challenges personal and subject matter jurisdiction in the criminal case United States v. Anthony L. Jerdine, Case No. 1:08CR481 (N.D. Ohio) (the "Criminal Case"). (*See* ECF DKT #1 at 3). Plaintiff characterizes this action as a tort involving fraud (*see* ECF DKT #1-1).

Proceeding *pro se* with standby counsel in the Criminal Case, Jerdine filed numerous motions, including a challenge to the court's subject matter jurisdiction. The Honorable Lesley Wells, presiding over the Criminal Case, denied Jerdine's motions to dismiss the indictment for lack of subject matter jurisdiction. *See United States v. Jerdine*, No. 1:08 CR 00481, 2009 WL

4906564, at *1-2 (N.D. Ohio Dec. 18, 2009), *aff'd, United States v. Jerdine,* 511 F. App'x 391 (6th Cir. 2013).

Thereafter, Jerdine pleaded guilty to two counts of Conspiracy to Commit Bank Fraud, two counts of Bank Fraud, and nine counts of Money Laundering, preserving his ability to argue on appeal that his right to a speedy trial had been violated. *See Jerdine*, 511 F. App'x at 391. On appeal, Jerdine argued that the trial court erred by concluding that the government did not violate his right to a speedy trial, but the Sixth Circuit affirmed the district court's judgment. *Id.* at 392-93. Jerdine did not appeal the issue of personal or subject matter jurisdiction.

In the instant action, Jerdine alleges that both personal and subject matter jurisdiction were lacking in the Criminal Case (*see* ECF DKT #1 at 3), and asks this Court to vacate and dismiss the Criminal Case with prejudice (*id.* at 23). Jerdine denies, however, that he seeks to challenge his detention or imprisonment pursuant to 28 U.S.C. §§ 2254 or 2255 (*see id.* at 8).

Defendant moves for dismissal on the grounds that Jerdine has not complied with the pleading requirement of Fed. R. Civ. P. 8(a) to provide a short and plain statement of the claim showing that Plaintiff is entitled to relief and because the allegations in the Complaint fail to state a claim upon which relief may be granted.

## II. DISCUSSION

### A. Standard of Review

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the Complaint "in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The factual allegations in the complaint so construed

must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Twombly* does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court discussed *Twombly* and provided additional analysis of this standard: "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

When presented with a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). In ruling on Defendant's motion, the Court will consider the exhibits attached to the Complaint.

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). That said, courts are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citation omitted).

3

B. **Analysis**

Defendant first argues in support of the Motion that Plaintiff's rambling and disjointed Complaint fails to satisfy the basic pleading requirements of Rule 8(a). In opposition, Jerdine maintains that the content of the Motion shows that Defendant understands he is challenging jurisdiction in the Criminal Case and claiming that the district court committed fraud by proceeding with the Criminal Case without jurisdiction. (*See* ECF DKT #4 at 2, 5-6).

The Court agrees that the Complaint and exhibits thereto, consisting of 183 pages, does not conform to Rule 8(a)'s requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" and is subject to dismissal on that basis. *See Brown v. Suppes*, No. 2:16-CV-13725, 2016 WL 7242146, at *2 (E.D. Mich. Dec. 15, 2016) (rambling and confusing complaints are subject to dismissal without prejudice pursuant to Rule 8(a)) (collecting cases). That said, the Court will assume for the purpose of this analysis that the Complaint satisfies the pleading requirements of Rule 8(a).

**1. FTCA claim barred**

Plaintiff characterizes his Complaint as a tort sounding in fraud (*see* ECF DKT #1-1), and argues in opposition to the Motion that the district court in the Criminal Case committed fraud by proceeding without jurisdiction. Defendant contends that, to the extent Plaintiff is alleging that the government is liable in tort for fraud, the case must be dismissed because there are no allegations in the Complaint that Jerdine has exhausted his administrative remedies as required under the Federal Tort Claims Act ("FTCA") before seeking relief in federal court. (ECF DKT #3-1 at 5 n.2 (citing 28 U.S.C. §§ 2401, 2671-2680)).

The FTCA constitutes a limited waiver of sovereign immunity and authorizes suit against the United States for certain torts committed by federal employees acting within the scope of their employment. *See Schindler v. United States of America,* 661 F.2d 552, 554 n.2 (6th Cir. 1981). It is a jurisdictional prerequisite to an FTCA lawsuit against the United States in federal court that a claimant must first file an administrative claim. Unless a plaintiff first timely exhausts his administrative remedies, the Court lacks subject matter jurisdiction over an FTCA claim. *See Harris v. City of Cleveland,* 7 F. App'x 452, 458 (6th Cir. 2001) (citing among authority *McNeil v. United States,* 508 U.S. 106, 113 (1993)).

The Complaint does not show that Jerdine filed an administrative claim regarding the alleged fraud of the United States with respect to the Criminal Case. To the extent that Jerdine brings an FTCA claim in the instant action, this Court lacks jurisdiction and Defendant is entitled dismissal of the Complaint.[1] *Dolan v. United States*, 514 F.3d 587, 593 (6th Cir. 2008) ("[I]f the administrative requirements of the FTCA have not been fulfilled, the case must be dismissed for lack of jurisdiction.") (citations omitted).

---

[1] Even if Plaintiff has exhausted his administrative remedies, his fraud claim may nevertheless be barred by sovereign immunity. Congress' waiver of sovereign immunity under the FTCA for torts is limited by 28 U.S.C. § 2680. Although it is difficult to discern from the Complaint, to the extent Plaintiff's fraud claim falls within an exception listed in 28 U.S.C. § 2680, the claim fails because the United States has not waived its sovereign immunity for such claims. *See e.g. Klein v. United States*, Case No. 3:15-cv-134, 2015 WL 6736114, at *6 (S.D. Ohio Nov. 4, 2015) (plaintiff's FTCA fraud claim is barred because it arises out of alleged misrepresentation and deceit by the United States, and the United States has not waived sovereign immunity as to such claims) (citations omitted). Moreover, if Jerdine seeks a remedy other than compensatory damages, the Court lacks subject matter jurisdiction to award such relief. *Moher v. United States*, 875 F. Supp. 2d 739, 755 (W.D. Mich. 2012) ("To the extent that [plaintiff] seeks a remedy under the FTCA other than compensatory damages, there has not been a waiver of sovereign immunity and this Court lacks subject matter jurisdiction to award it.") (collecting cases).

**2. Jerdine fails to state a plausible claim that jurisdiction was lacking in the Criminal Case**

Jerdine alleges that personal and subject matter jurisdiction were lacking in the Criminal Case. Plaintiff contends that the Complaint states a claim upon which relief may be granted because, if a court lacks jurisdiction, its rulings are void (*See* ECF DKT #4 at 5).

*Personal jurisdiction*

Jerdine fails to state a claim upon which relief may be granted that the court in the Criminal Case lacked personal jurisdiction. The federal indictment of Jerdine and his presence in the United States conferred personal jurisdiction in the Criminal Case. *See United States v. Amir*, No. 1:10CR439, 2010 WL 5014451, at *1 (N.D. Ohio Dec. 3, 2010) ("'Personal jurisdiction is supplied by the fact that [defendant] is within the territory of the United States.'") (quoting *United States v. Burke,* 425 F.3d 400, 408 (7th Cir. 2005)) (further citation omitted); *see also United States v. Perez*, 752 F.3d 398, 407 (4th Cir. 2014) ("Personal jurisdiction in a criminal case is still based on physical presence, which is usually acquired by taking the defendant into custody via arrest.") (citations omitted).

Moreover, the appropriate time to raise the issue of personal jurisdiction was during the pendency of the Criminal Case and, by pleading guilty, Jerdine waived any objection to personal jurisdiction. *See United States v. Juvenile Male*, 939 F.2d 321, 324 (6th Cir. 1991) (collecting cases); *Runion v. Unknown Party No. 1*, No. 1:14-CV-225, 2014 WL 3401984, at *4 (W.D. Mich. July 10, 2014) ("A guilty plea waives any objection to the court having personal jurisdiction over a defendant.") (citing *Juvenile Male*, 939 F.2d at 324); *United States v. Boyd*, 259 F. Supp. 2d 699, 708 (W.D. Tenn. 2003) (by pleading guilty defendant waived any claims

related to the court's jurisdiction). And, as Defendant points out in the Motion, Jerdine's guilty plea did not reserve the right to appeal jurisdictional issues (*see* Criminal Case ECF DKT #468 at 15), and Jerdine's unsuccessful direct appeal did not raise jurisdictional issues. *Jerdine*, 511 F. App'x at 392 (arguing on appeal that the district court erred by concluding that the government had not violated his right to a speedy trial and due process rights).

Lastly, to the extent that Jerdine claims that personal jurisdiction in the Criminal Case was lacking because he is a "natural man," that argument fails as a matter of law. The Sixth Circuit and other courts have "routinely rejected as frivolous" challenges to jurisdiction based upon the claim that the criminal defendant is a "natural man," a sovereign citizen, or a private human being. *See Kinstle v. Bunting*, No. 3:13CV998, 2016 WL 3668027, at *4 (N.D. Ohio July 11, 2016) (collecting cases).

Having construed the Complaint liberally in Jerdine's favor, the Court finds that Jerdine fails to state a claim upon which relief can be granted that personal jurisdiction was lacking in the Criminal Case.

### *Subject matter jurisdiction*

Jerdine unsuccessfully challenged subject matter jurisdiction in the Criminal Case pursuant to 18 U.S.C. § 3231. *See Jerdine*, 2009 WL 4906564, at *1-2. Subject matter jurisdiction in a criminal case is conferred by 18 U.S.C. § 3231 – "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against laws of the United States." *See Amir*, 2010 WL 5014451 at *1 (citing among authority *United States v. Titterington*, 374 F.3d 453, 458-59 (6th Cir. 2004)). In the Superseding Indictment filed in the Criminal Case, Jerdine was charged in thirteen of nineteen counts for

federal crimes of conspiracy, bank fraud and money laundering. *See Jerdine*, 2009 WL 4906564, at *1; Criminal Case ECF DKT #153. "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States,* 164 F.3d 378, 380 (7th Cir. 1999).

Having construed the Complaint liberally in Jerdine's favor, the Court finds that Jerdine fails to state a claim upon which relief can be granted that subject matter jurisdiction was lacking in the Criminal Case. *See Titterington*, 374 F.3d 453, 459 (6th Cir. 2004) (citing *Hugi*, 164 F.3d at 380); *Amir*, 2010 WL 5014451, at *1 (same) (citing *Hugi*, 164 F.3d at 380).

### III.  CONCLUSION

For all of the foregoing reasons, Defendant's motion to dismiss (ECF DKT #3) is granted. Judgment will be entered in favor of Defendant and against Plaintiff.  In light of the Court's dismissal of this action, Plaintiff's Motion to Compel Specific Performance (ECF DKT #5) is moot, and denied as such.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

> s/ Christopher A. Boyko
> **CHRISTOPHER A. BOYKO**
> **United States District Judge**

**Dated:** February 14, 2019